UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 14-44811-399 |
| | ) | Honorable Barry S. Schermer |
| JAMAT, LLC, | ) | Chapter 11 Proceeding |
| | ) | |
| Debtor. | ) | Hearing Date: June 23, 2014 |
| | ) | Hearing Time: 9:30 a.m. |
| | ) | Location: Courtroom 5 North |
| | ) | |
| | ) | Spencer P. Desai, Esq. |
| | ) | Danielle Suberi, Esq. |
| | ) | Desai Eggmann Mason LLC |
| | ) | 7733 Forsyth Boulevard, Suite 2075 |
| | ) | St. Louis, Missouri 63105 |
| | ) | (314) 881-0800 |
| | ) | sdesai@demlawllc.com |
| | ) | dsuberi@demlawllc.com |

**MOTION FOR ENTRY OF INTERIM ORDER AUTHORIZING:
DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 WITH
ARSENAL CREDIT UNION**

COMES NOW Debtor Jamat, LLC d/b/a Mattress Source ("Debtor") by and through its undersigned counsel and for its Motion for the Entry of Interim Order Authorizing the Debtor to Use Cash Collateral Pursuant to 11 U.S.C. §363(a) ("Motion"), states as follows:

### I.   BACKGROUND

1. On June 13, 2014 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Missouri.

2. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§1107(a) and 1108. No trustee or examiner has been appointed in this case, and no official committee of creditors or equity interest holders has been established in this case.

3. Debtor brings this Motion pursuant to 11 U.S.C. §363 and F.R.B.P. 4001. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

## II. DEBTOR'S PRE-PETITION RELATIONSHIP WITH U.S. BANK

4. Debtor had a pre-petition line of credit ("LOC") with Arsenal Credit Union ("Lender") with a credit limit of $500,000.00. The LOC requires monthly interest payments and is due and payable on maturity. The LOC matures on December 31, 2014.

5. As of the Petition Date, Debtor owed Lender the approximate sum of $495,000.00 under its agreements with Lender plus accrued and unpaid interest thereon and fees and costs. These amounts together with all interest, fees, costs, and charges, are identified as the "**Pre-Petition Indebtedness**."

6. The Pre-petition Indebtedness is secured by valid, perfected, enforceable, first-priority liens and security interests upon and in the assets of the Debtor including all inventory, equipment, chattel paper, accounts, general intangibles, consumer goods and the proceeds of the foregoing (the "**Pre-petition Collateral**"). A copy of the loan documents are attached hereto as **Exhibit A**.

## III. THE DEBTOR'S NEED FOR USE OF CASH COLLATERAL

7. The Debtor requires the use of cash collateral to continue its business operations and to pay its regular daily expenses, including employees' wages, utilities, and other costs of doing business.

8. The Debtor requires cash collateral to meet post-petition payroll, to pay necessary business expenses, and to continue its operations. A Monthly Budget showing the Debtor's operations for the next 30 days is attached hereto as **Exhibit B**.

9. The Debtor cannot carry on the operation of its business without the use of the Cash Collateral. In the absence of the use of the Cash Collateral, serious and irreparable harm to the Debtor and its estate would occur. The preservation and maintenance of relations with customers, the preservation of the going concern value of the Debtor and the reduction of claims against the Debtor are of utmost significance and importance to a successful reorganization of the Debtor under Chapter 11 of the Bankruptcy Code.

10. The ability of the Debtor to continue in business and remain a viable entity and to have any prospect to propose a plan of reorganization under Chapter 11 of the Bankruptcy Code depends upon Debtor obtaining such authority to immediately use cash collateral on the Petition Date.

11. Absent the requested relief, the Debtor will be unable to meet its payroll and payroll expenses, operating expenses, and to otherwise operate its business and preserve its assets. Immediate and irreparable harm to the Debtor's business and value of its estate will occur absent the relief requested herein.

12. Pursuant to Section 363(c)(2) of the Bankruptcy Code, if Lender's interest in the Pre-Petition Cash Collateral is valid, the Debtor may use cash collateral only with the consent of Lender or with the Court's approval.

13. On the petition date, the value of Debtor's assets subject to Lender's lien exceed $1,000,000.00. Lender's interest in Cash Collateral is adequately protected. Additional adequate protection will be provided to Lender through the payment of Lender's monthly payment beginning in June 2014 and by granting a replacement lien in any new assets subject to Lender's pre-petition lien. The Lender's lien shall be subject to carve outs, as set forth more fully in the (Interim Order) as follows:

a)  Two and four allowed professional fees by attorneys, accountants and other professionals retained by the Debtor, any official committee of unsecured creditors, an accumulative aggregate sum not to exceed $75,000.00;

b)  Statutory United States Trustee fees.

14. Approval of the attached Interim Order is in the best interest of the Debtor's estate, and the Debtor believes that other creditors will not be prejudiced by the entry of the Interim Order.

15. The Debtor requests that it be immediately authorized, pursuant to Section 363(c) of the Bankruptcy Code, to use cash collateral according to the terms of the Interim Order.

## V. REQUEST FOR INTERIM RELIEF

16. Use of cash collateral represents the Debtor's sole source of operating funds and working capital. Without the right to use cash collateral, the Debtor would be forced to cease operations. The Debtor seeks, therefore, after a preliminary hearing, immediate use of cash collateral to avoid immediate and irreparable harm to the Debtor and its estate. A copy of the proposed Interim Cash Collateral Order is attached as **Exhibit C**.

## VI. NOTICE

17. No creditors' committee has been appointed in this Chapter 11 case. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee; (b) the Debtor's 20 largest unsecured creditors as identified in its Chapter 11 petition; (c) all remaining creditors and (d) any party with an interest in the Cash Collateral. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

18. The Debtor further requests that the Court deem service of this Motion, pursuant to Bankruptcy Rules 4001(b)(1) and 4001(c)(1) and service of the Interim Order, good and sufficient notice of the final hearing.

### VII. **NO PRIOR REQUEST**

19. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Debtor Jamat, LLC respectfully requests that the Court enter an Interim Order after a preliminary hearing:

A. Authorizing the Debtor's immediate use of cash collateral in an amount sufficient to avoid immediate and irreparable harm to the Debtor and its estate;

B. After a final hearing, enter a final order authorizing the Debtor use of cash collateral in the ordinary course of the Debtor's business;

C. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DESAI EGGMANN MASON LLC


By: /s/ *Spencer P. Desai*
SPENCER P. DESAI #39877MO
DANIELLE SUBERI #59688MO
7733 Forsyth Boulevard, Suite 2075
St. Louis, Missouri 63105
(314) 881-0800
Fax No. (314) 881-0820
sdesai@demlawllc.com
dsuberi@demlawllc.com

PROPOSED ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served on 17th day of June, 2014, to the persons who participate in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri and via Federal Express or Express Mail to:

| | |
|---|---|
| American Express Gold Business<br>P.O. Box 650448<br>Dallas, TX 75265-0448 | American Express<br>P.O. Box 650448<br>Dallas, TX 75265-0448 |
| Breihan Properties, LLC<br>8460 Watson Road, Ste. 220<br>St. Louis, Missouri 63119 | Capes, Sokol, Goodman & Sarachan, PC<br>7701 Forsyth Blvd., 12th Floor<br>ST. Louis, MO 63105 |
| Emmis Operating Company<br>25673 Network Place<br>Chicago, IL 60673-1256 | G & U VI St. Charles Retail, LLC<br>c/o Amer Commercial Realty Corp.<br>324 Datura St., Ste. 102 West<br>West Palm Beach, FL 33401 |
| HS Levy Residuary Trust<br>Maxine Levy, Trustee<br>701 S. Hanley Road<br>St. Louis, MO 63105 | Jadco Properties, LLC<br>1703 Stifel Lane Drive<br>Chesterfield, MO 63017 |
| KMOV<br>P.O. Box 732414<br>Dallas, TX 77216 | KSDK Gannett Co., Inc.<br>P.O. Box 637378<br>Cincinnati, OH 45263-7378 |
| Loughborough Commons<br>25 N. Brentwood BLvd.<br>St. Louis, MO 63105 | Midwest Sleep, LLC<br>1000 S. Prospect Drive<br>Toledo, IA 52342 |
| New Visions Marketing<br>1858 Black Oak Drive<br>Farmington, MO 63640 | Overland Plaza, LLC<br>1963 Solution Center<br>Chicago, IL 60677 |
| Pinnacle Accounting Group, LLC<br>3551 Evergreen Lane<br>St. Louis, MO 63125 | Primo International<br>7000 Hochelagea<br>Montreal Quebec, CA |
| Restonic<br>718 West Chase Street<br>Springfield, MO 65803 | SM Properties, Edwardsville, LLC<br>25 N. Brentwood<br>St. Louis, MO 63105 |
| The O'Fallon Development, LLC<br>c/o Tkg Management, Inc.<br>211 N. Stadium Blvd., Ste. 201<br>Columbia, MO 65203 | Unshippers<br>3337 North Hullen Street, Ste. 300<br>Metairie, LA 70002 |

| Arsenal Credit Union<br>3780 Vogel Road<br>Arnold, MO  63010 | Office of the U.S. Trustee<br>111 South Tenth Street, Suite 6353<br>St. Louis, MO  63102 |
| --- | --- |
| Overland Plaza LLC<br>c/o The Lipton Group, Inc.<br>7211 Delmar Blvd.<br>St. Louis, MO  63130 | |

/s/ *Spencer P. Desai*