UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No.:  14-44811-399 |
| | ) | Honorable Barry S. Schermer |
| JAMAT, LLC, | ) | Chapter 11 Proceeding |
| | ) | |
| Debtor. | ) | EMERGENCY MOTION FOR ORDER |
| | ) | AUTHORIZING POST-PETITION |
| | ) | FINANCING PURSUANT TO 11 U.S.C. |
| | ) | § 364(c)(2) |
| | ) | |
| | ) | Hearing Date: October 28, 2014 |
| | ) | Hearing Time:  9:30 a.m. |
| | ) | Hearing Location:  Courtroom 5 North |
| | ) | Response Date:  October 28, 2014 |
| | ) | |
| | ) | Spencer P. Desai, Esq. |
| | ) | Danielle Suberi, Esq. |
| | ) | Desai Eggmann Mason LLC |
| | ) | 7733 Forsyth Boulevard, Suite 800 |
| | ) | St. Louis, Missouri 63105 |
| | ) | (314) 881-0800 |
| | ) | sdesai@demlawllc.com |
| | ) | dsuberi@demlawllc.com |

**EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN
SECURED POST-PETITION FINANCING PURSUANT TO § 364(c)(2)**

COMES NOW Jamat, LLC d/b/a Mattress Source ("Debtor" or "Movant"), by and through counsel, and files this *Motion for Order Authorizing Debtor to Obtain Secured Post-Petition Financing Pursuant to §364(c)(2) of the Bankruptcy Code* (the "Motion").  In support of the Motion, the Debtor respectfully states as follows:

**BACKGROUND**

1.  On June 13, 2014 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Missouri.

2. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business as a debtor in possession. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established in this Chapter 11 case.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(d). No prior request has been made to this Court or any other court for the relief sought herein.

4. Debtor brings this Motion pursuant to 11 U.S.C. §364(c)(2).

5. Debtor has been operating a retail mattress and bedding business since 2008.

**STRUCTURE OF DEBTOR'S CURRENT SECURED DEBT**

6. Debtor's primary secured creditor is Arsenal Credit Union ("Arsenal").

7. As of the Petition Date, Debtor owed Arsenal the approximate principal amount of $500,000.00 under its agreement with Lender (the "Arsenal Secured Debt"),

8. The Arsenal Secured Debt is secured by a valid, perfected, enforceable, first-priority lien and security interest in Debtor's inventory, equipment, chattel paper, accounts, general intangibles, consumer goods and proceeds, among other things (collectively, the "Collateral").

9. As of the Petition Date, Debtor also owed Arsenal the approximate principal amount of $19,750.00 pursuant to a second note secured by the Collateral and a Deed of Trust on the real estate located at 2597 Breakwater Drive, Imperial, Missouri 63052 (the "Breakwater Real Estate") owned by Barry and Valerie Seidel, the Debtor's principals (the "Arsenal Junior

Debt," and collectively with the Arsenal Secured Debt referred to as the "Arsenal Indebtedness").

10. As of October 8, 2014, the outstanding principal balance of the Arsenal Secured Debt was $434,500.00 and the outstanding principal balance of the Arsenal Junior Debt was $16,645.57.

## CURRENT ASSETS OF DEBTOR

11. The Debtor's primary assets consist of the following categories:

| Assets | Value |
| --- | --- |
| Furniture, fixtures and equipment | $75,000.00 (book value) |
| Inventory | $900,000.00 (book value) |

## THE DEBTOR'S NEED FOR SECURED POST-PETITION FINANCING AND DESCRIPTION THEREOF

12. The Debtor has negotiated a post-confirmation debt restructuring with Arsenal. However, the debt restructuring that Arsenal proposes places unnecessary strain on the Debtor's cash flow. The Debtor would prefer to replace the Arsenal Secured Debt which would ease the cash flow burdens post-confirmation.

13. Given its current financial position, the Debtor cannot obtain unsecured credit allowable under 11 U.S.C. §503(b)(l) as an administrative expense. Financing on a post-petition basis is not otherwise available without the Debtor securing, pursuant to 11 U.S.C. §364(c)(2), such indebtedness and obligations with a lien on the Debtor's assets including inventory and proceeds.

3

14. Financial and Marketing Solutions, LLC ("FMS") is willing to extend secured post-petition financing to Debtor under §364(c)(2). The FMS loan would pay in full and replace the Arsenal Indebtedness.

15. The FMS loan contains the following terms:

    a. The Debtor is authorized to borrow up to $500,000.00 from Lender;

    b. The terms of the loan are 10.5% interest and a maturity date of October 31, 2015;

    c. As security for Debtor's obligations, FMS is granted a valid, perfected, first priority lien in all assets of the Debtor and all proceeds thereof.

    d. As further security for the FMS loan, Barry and Valerie Seidel will grant a junior lien in the Breakwater Real Estate.

    e. The FMS loan will be guaranteed by Barry and Valerie Seidel.

    f. The FMS loan will be interest only for the term of the loan. FMS will charge up to 2 ½ points as a fee for the loan. The points will be added to the principal of the loan.

16. Copies of the FMS loan commitment and the FMS loan documents may be obtained from counsel for the Debtor upon request.

17. While the interest rate on the FMS loan is greater than the existing Arsenal loan, the repayment terms are substantially more favorable from a cash flow basis. Ultimately, the FMS loan will assist the Debtor in exiting bankruptcy and enable the Debtor to establish a level of profitability that will allow it to obtain more conventional financing 18 to 24 months post-confirmation. In sum, the FMS loan is more favorable to the Debtor's reorganization efforts.

18. In accordance with Sections 364(a) and (b) of the Bankruptcy Code, the Debtor has attempted to obtain secured or unsecured debtor-in-possession financing on terms as, or more, beneficial than those set forth in the FMS loan. Despite those efforts, the Debtor has been unable to obtain alternative financing. Likewise, no other prospective lender would offer terms as favorable to the Debtor as the terms set forth in the FMS loan.

19. The Court's approval of the FMS loan agreement will facilitate the Debtor's exit from bankruptcy and preserve the Debtor's ongoing business enterprise. No harm or prejudice will result to any party from the Debtor's proposed post-petition financing. The proposed financing was negotiated as an arms-length transaction, and FMS has no connection to the Debtor, its creditors or any insiders.

WHEREFORE, Debtor respectfully prays this Court make and enter its Order authorizing the Debtor to obtain secured post-petition financing with Financial and Marketing Solutions, LLC in an amount up to $500,000.00 in accordance with the terms set forth in the Motion, and for such other and further as the Court deems just and proper.

Respectfully submitted,

DESAI EGGMANN MASON LLC

By: /s/ *Spencer P. Desai*
SPENCER P. DESAI (#39877MO)
DANIELLE SUBERI (#59688MO)
7733 Forsyth Boulevard, Suite 800
St. Louis, Missouri  63105
(314) 881-0800
Fax No. (314) 881-0820

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served on the persons who participate in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri or via U.S. Mail, postage prepaid this 9th day of October, 2014, to:

*/s/ Spencer P. Desai*